UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

---

LIDEIVA DELGADILLO,
Plaintiff,

v.

3:25-CV-0190

SHERIFF LENN WOOD, in his official capacity as Sheriff of Coweta County, Georgia;
SERGEANT HOLMES, individually and in his official capacity;
SERGEANT WILLIAMS, individually and in his official capacity;
UNKNOWN DETENTION OFFICERS of the Coweta County Jail Infirmary, individually and in their official capacities; and
COWETA COUNTY, GEORGIA,
Defendants.

Civil Action No. _____

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

(42 U.S.C. § 1983, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Violations of the U.S. Constitution)

---

**I. JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Americans with Disabilities Act (42 U.S.C. § 12132), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Coweta County, Georgia, which lies within the Northern District of Georgia, Newnan Division.

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Newnan

AUG 29 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## II. PARTIES

4. Plaintiff **Lideiva Delgadillo** is a resident of San Antonio, Texas. Plaintiff is visually impaired and has a diagnosed mental health disability.

5. Defendant **Sheriff Lenn Wood** is the elected Sheriff of Coweta County, responsible for the operation of the Coweta County Jail, and is sued in his official capacity.

6. Defendant **Sergeant Holmes** was, at all relevant times, a detention officer employed at the Coweta County Jail, and is sued in his individual and official capacities.

7. Defendant **Sergeant Williams** was, at all relevant times, a detention officer employed at the Coweta County Jail, and is sued in his individual and official capacities.

8. Defendants **Unknown Detention Officers** were, at all relevant times, employed at the Coweta County Jail infirmary, and are sued in their individual and official capacities.

9. Defendant **Coweta County, Georgia** is a political subdivision of the State of Georgia and is responsible for funding and oversight of the Coweta County Jail.

## III. FACTUAL ALLEGATIONS

10. On April 12, 2025, Plaintiff was arrested in Coweta County, Georgia, for alleged disorderly conduct and placed in the Coweta County Jail Infirmary, where she remained until May 1, 2025.

11. Plaintiff was held for approximately 20 days without an appointed attorney and was denied the ability to contact her family for several days.

12. During her incarceration, Plaintiff was subjected to excessive force and inhumane treatment, including but not limited to the following:

a. On April 12, 2025, Plaintiff was hogtied and strapped to a chair for hours without food or water.
b. On April 22, 2025, Defendant Holmes slammed Plaintiff's head against a concrete wall, causing bruising and lasting pain.
c. Defendant Williams repeatedly pepper sprayed Plaintiff, despite knowing she was visually impaired in her right eye.
d. Plaintiff was thrown against walls and confined in her cell for long

periods without access to food, water, toilet facilities, or showers.

13. Plaintiff was denied psychiatric medication despite obvious medical need. On two occasions, she was placed on suicide watch but was not provided appropriate mental health care.

14. Plaintiff attempted self-harm, including cutting her wrist with a plastic spoon and attempting to hang herself with bed sheets, due to the severe stress and neglect she endured.

15. Plaintiff's prescribed eye drops and commissary items were confiscated without justification.

16. Plaintiff attempted to file grievances, but detention officers obstructed the process by refusing to provide forms. One officer fabricated a report falsely claiming Plaintiff urinated on grievance forms.

17. Plaintiff requested video surveillance footage covering April 12–May 1, 2025. She received only 18 videos, many of which were duplicates, muted, redacted, or obstructed. Plaintiff paid $216.59 for duplicate copies but was denied full and unaltered records.

18. The conduct of Defendants was carried out under color of state law and caused Plaintiff severe physical injury, emotional distress, and deprivation of federally protected rights.

## IV. CLAIMS FOR RELIEF

**Count I – Excessive Force (42 U.S.C. § 1983 – Fourth & Fourteenth Amendments)**
19. Defendants Holmes, Williams, and other detention officers used excessive force, including hogtying, pepper spraying, slamming Plaintiff's head against a wall, and other physical assaults. This violated Plaintiff's rights to be free from unreasonable seizures and excessive punishment under the Fourth and Fourteenth Amendments.

**Count II – Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983 – Fourteenth Amendment)**
20. Defendants denied Plaintiff psychiatric medication, mental health treatment, and medical care despite obvious need, constituting deliberate indifference in violation of Plaintiff's rights under the Fourteenth Amendment.

**Count III – Violation of the Americans with Disabilities Act (42 U.S.C. § 12132)**
21. Plaintiff is visually impaired and has a mental health disability. Defendants denied reasonable accommodations, confiscated medical eye drops, and subjected Plaintiff to repeated abuse because of her disabilities, in violation of the ADA.

## Count IV – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

22. Coweta County Jail receives federal funding and is subject to Section 504. Defendants discriminated against Plaintiff by denying accommodations and subjecting her to abuse because of her disabilities.

## Count V – Monell Liability (Against Coweta County)

23. Defendant Coweta County maintained policies, customs, or practices that permitted or encouraged detention officers to use excessive force, deny medical care, obstruct grievances, and fail to train staff on ADA compliance. These policies and customs were the moving force behind Plaintiff's injuries and demonstrate deliberate indifference to constitutional rights.

---

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor and against Defendants;
B. Award compensatory damages in the amount of $20,000,000 for physical, emotional, and psychological harm;
C. Award punitive damages against the individual Defendants for willful and malicious conduct;
D. Order injunctive relief, including:
- Release of all unedited video and audio surveillance from April 12–May 1, 2025;
- Implementation of ADA-compliance and mental health training at Coweta County Jail;
- Oversight to ensure grievance procedures are accessible to detainees;

E. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; and
F. Grant such other and further relief as this Court deems just and proper.

---

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully submitted,

*[signature]*

Lideiva Delgadillo
Plaintiff, Pro Se
130 Goodwin Ave
San Antonio, Texas
210-862-4420
lideivainsatx@gmail.com